HALL, Judge.
Plaintiff, Sherry Twiner, brought a direct action against her father’s liability insurer for personal injuries she sustained while riding as a guest passenger in a pickup truck being driven by her father on the Snake Ridge Road in Richland Parish. Plaintiff struck the dashboard of the truck, seriously injuring her right eye, when her father suddenly and forcefully applied his brakes in order to avoid striking a deer which ran out of an adjacent ditch onto the road in front of his truck. After trial, in comprehensive written reasons for judgment, the district court found plaintiff failed to prove her father was negligent. Judgment was rendered rejecting plaintiff’s demands and she appealed. We affirm the judgment of the district court.
At the time of the accident plaintiff and her father, Everett Twiner, were driving from their home to a grocery store. The weather was foggy and misting rain. Twiner was driving about 35 to 45 miles per hour. Plaintiff was bending over getting a rock out of her shoe and tying her shoelace and was not watching the road.
The essence of the testimony of plaintiff and her father was that he thought he saw what he described as a bulky object in the ditch on the right-hand side of the road. He took his foot off the accelerator and said something like “a deer — no”, indicating he first thought he might have seen a deer and then decided he did not. He put his foot back on the accelerator and then when he reached the point where he first thought he saw the object a deer darted out of the ditch into the path of the truck. He applied his brakes forcefully and avoided a collision with the deer which turned and ran back off the road. Plaintiff, who was raising up, was thrown into the dashboard.
On appeal, plaintiff urges the trial court erred in applying the sudden emergency doctrine in view of the fact that Twiner contributed to the creating of the emergency by failing to slow down after the initial sighting of the deer. Plaintiff further contends the trial court erred in failing to hold that it was negligence for Twiner not to slow down or stop after initially seeing the object, particularly in view of the fact that Twiner was aware that deer frequently crossed the road on which they were traveling.
The trial court carefully analyzed the testimony of plaintiff’s father and concluded that at the time the incident happened, Twiner was not sure what he had seen, if anything. The vague sighting was not sufficient to warn the driver, or a reasonable person in his position, of impending danger so as to require him, or a reasonable person in his position, to slow down or take precautionary measures. The trial court perceptively noted that the important thing is the situation that existed at the time of the happening, not how the participants might look back on the event at a later time.
We conclude, as did the trial judge, that plaintiff failed to establish actionable negligence on the part of her father in failing to take precautionary measures after his first vague, uncertain, possible sighting of an object in the ditch on the side of the *917 road. At the time the deer darted onto the road Twiner was traveling at a reasonable rate of speed and acted reasonably in suddenly applying his brakes at that point in order to avoid a collision with the deer.
Plaintiff cites numerous cases in which drivers have been found negligent in striking animals on the highway. The cases cited are distinguishable from the instant case on their particular facts.
For the reasons assigned, and for the reasons expressed in more detail in the district court’s written reasons for judgment, the judgment of that court is affirmed.
Affirmed.